NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JAN 14 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

THE ESTATE OF JAVIER GARCIA
GAONA, JR.; et al.,

No. 18-56142

Plaintiffs-Appellants,

D.C. No.
2:17-cv-01983-AB-AJW

v.

CITY OF SANTA MARIA; et al.,

MEMORANDUM*

Defendants-Appellees.

Appeal from the United States District Court
for the Central District of California
Andre Birotte, Jr., District Judge, Presiding

Argued and Submitted December 13, 2019
Pasadena, California

Before: BOGGS,** WARDLAW, and BEA, Circuit Judges.

This appeal arises out of the shooting of Javier Garcia Gaona, Jr. by officers

of the Santa Maria Police Department (SMPD) in July 2016, first with less lethal

"beanbag rounds" and then with deadly force. Gaona's parents (Appellants),

---

*     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

**     The Honorable Danny J. Boggs, United States Circuit Judge for the
U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

individually and as successors in interest to Gaona's estate, sued the officers, SMPD, and the city of Santa Maria for, in relevant part, unlawful seizure and excessive force under 42 U.S.C. § 1983. They appeal the district court's grant of summary judgment in favor of the defendant officers on qualified-immunity grounds. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1. The district court did not err in finding the officers are entitled to qualified immunity for their use of less lethal force because no clearly established law provided "fair warning" that it was unconstitutional. *See Tolan v. Cotton*, 572 U.S. 650, 656 (2014). Neither controlling case[1] identified by Appellants "place[s] the conclusion that [the officers] acted unreasonably in these circumstances beyond debate." *Mullenix v. Luna*, 136 S.Ct. 305, 311 (2015) (internal quotation marks omitted).

The facts of *Glenn v. Washington County*, 673 F.3d 864 (9th Cir. 2011), are not sufficiently analogous. After only three minutes, the officers in *Glenn* fired beanbag rounds at a suicidal teenager in his own driveway when he refused to drop a pocketknife held to his own neck. *Id.* at 873–74. All bystanders were safely inside, and the teenager "showed no signs of attempting to move until after he was

---

[1] The lone out-of-circuit authority cited does not demonstrate that a Fourth Amendment right in these circumstances has been "embraced by a 'consensus' of courts" outside our jurisdiction. *Sharp v. Cty. of Orange*, 871 F.3d 901, 911 (9th Cir. 2017) (quoting *Wilson v. Layne*, 526 U.S. 603, 617 (1999)).

fired upon." *Id.* at 874. Gaona acted more aggressively by yelling and cussing at the officers. Moreover, the officers used less lethal force only after Gaona began shifting side-to-side as if considering running away, placing nearby bystanders at risk. *See S.B. v. Cty. of San Diego*, 864 F.3d 1010, 1016 (9th Cir. 2017) (distinguishing *Glenn* on the basis that the decedent's movements—pulling out a knife when ordered to place his hands on his head—were more threatening).

The circumstances in *Deorle v. Rutherford*, 272 F.3d 1272 (9th Cir. 2001) are also distinguishable. *See Kisela v. Hughes*, 138 S.Ct. 1148, 1154 (2018) (instructing courts "not to read [the] decision in [*Deorle*] too broadly in deciding whether a new set of facts is governed by clearly established law"). In *Deorle*, the reportedly suicidal decedent was alone on his own property with "no avenues of escape." 272 F.3d at 1276. He had "complied with the police officers' instructions, had discarded his potential weapons whenever asked to do so, and had not assaulted anyone." *Id.* at 1285. Yet when he began to walk toward an officer carrying only a bottle or can, the officer shot him in the face with a beanbag gun without warning. *Id.* at 1281. In contrast, Gaona refused to drop his knife, stood in a public place with potential avenues of escape, and showed signs that he might run.

2. The officers violated no clearly established law by resorting to deadly force. Gaona posed a significant threat of serious physical harm to the officers

when he ran in their direction holding a knife. *Tennessee v. Garner*, 471 U.S. 1, 11 (1985). To the extent Appellants raise an argument under the provocation rule, "the Fourth Amendment provides no basis for such a theory." *Isayeva v. Sacramento Sheriff's Dep't*, 872 F.3d 938, 951 n.6 (9th Cir. 2017) (citing *Cty. of L.A. v. Mendez*, 137 S. Ct. 1539, 1544 (2017)).

**AFFIRMED.**